IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CURTIS N. MACK,**

   **Petitioner,**

   v.

**UNITED STATES OF AMERICA,**

   **Respondent.**

   **CASE NO. 2:16-CV-00614**
   **CRIM. NO. 2:98-CR-00162**
   **JUDGE JAMES L. GRAHAM**
   **Magistrate Judge Elizabeth A. Preston Deavers**

## OPINION AND ORDER

On June 24, 2016, Petitioner, a federal prisoner, filed a *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 91.) Respondent has filed a *Motion to Dismiss § 2255 Petition*. (ECF No. 92.) For the reasons that follow, this action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition. Respondent's *Motion to Dismiss § 2255 Petition* (ECF No. 92) is **DENIED WITHOUT PREJUDICE.**

Petitioner was convicted after a jury trial on nine counts of bank robbery, in violation of 18 U.S.C. § 2113(a) and three counts of carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). On September 24, 1999, the Court imposed an aggregate term of 665 months imprisonment. (ECF No. 64.) The United States Court of Appeals for the Sixth Circuit affirmed the District Court's judgment. (ECF No. 69.) On September 14, 2001, Petitioner filed his first *Petition for Writ of Habeas Corpus* pursuant to 28 U.S.C. § 2255. (ECF No. 71.) On September 27, 2002, the Court denied the § 2255 petition. (ECF No. 75.) On November 7, 2011, Petitioner filed a second *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 79.) On December 9, 2011, the Court dismissed the action. (ECF No. 85.)

On June 23, 2016, Petitioner, through counsel, filed the instant *Motion to Vacate under 28 U.S.C. § 2255.* (ECF No. 91.)  He asserts that, pursuant to *Johnson,* he no longer has two qualifying convictions sufficient to enhance his sentence pursuant to U.S.S.G. § 2K2.1, and that his sentence therefore is constitutionally invalid.  Additionally, Petitioner asserts that his convictions on 18 U.S.C. § 924(c) no longer qualify as a crime of violence.  (ECF No. 91, PageID# 933.)  Plainly, however, this newest Petition constitutes a successive § 2255 motion.

Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). When a district court determines that a motion to vacate constitutes a successive motion, that court lacks jurisdiction to entertain the motion unless the court of appeals has authorized the filing.  *In re Smith*, 690 F.3d 809 (6th Cir. 2012).  Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit.  *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

Because Petitioner has filed earlier motions to vacate, the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 91) presently before the Court constitutes a successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider it.

In view of this Court's lack of jurisdiction to address the § 2255 motion absent authorization from the United States Court of Appeals, Respondent's *Motion to Dismiss § 2255 Petition* (ECF No. 92) is **DENIED WITHOUT PREJUDICE**.  Respondent may refile its Motion if the Sixth Circuit authorizes the successive petition.

Petitioner's *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 91) is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

**IT IS SO ORDERED.**

Date: July 14, 2016              _____s/James L. Graham_____
                                 JAMES L. GRAHAM
                                 United States District Judge

.